[Cite as *Mundy v. Mundy*, 2014-Ohio-1678.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| EDWARD L. MUNDY, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-P-0102** |
| ELAINE M. MUNDY, et al., | : | |
| | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Portage County Court of Common Pleas.
Case No. 2012 CV 0842.

Judgment: Appeal dismissed.


*Robert W. Eckinger*, Eckinger Law Offices, Ltd., 1201 30th Street, N.W., Suite 101B, Canton, OH 44709 (For Plaintiff-Appellee).

*Matthew C. Giannini*, 1040 South Common Place, Suite 200, Youngstown, OH 44514 (For Defendants-Appellants).


TIMOTHY P. CANNON, P.J.

{¶1} On December 16, 2013, defendants-appellants, Elaine M. Mundy, individually and as successor co-trustee; the Robert G. Hewitt Jr. Living Trust; Elena Mundy, a minor child; and Faith Mundy, a minor child, filed their notice of appeal. This appeal emanates from the November 19, 2013 judgment entry of the Portage County Court of Common Pleas, granting partial summary judgment in favor of plaintiff-appellee, Edward L. Mundy.

{¶2} A review of the record in this matter reveals that appellee filed a complaint on July 20, 2012, against the foregoing appellants, as well as other defendants, Thomas M. Mundy, Bradford W. Levicky, and the Portage County Recorder. Appellants filed an answer and counterclaim against appellee on October 30, 2012.

{¶3} Appellee filed a partial motion for summary judgment against all of the defendants on September 24, 2013. In the November 19, 2013 judgment entry, the trial court granted the partial summary judgment in favor of appellee and against appellants. However, the court did not rule on the partial motion for summary judgment as to the other defendants, Thomas M. Mundy, Bradford W. Levicky, and the Portage County Recorder. The trial court also did not dispose of the counterclaim filed by appellants.

{¶4} On March 12, 2014, this court ordered the parties to show cause why this appeal should not be dismissed for lack of a final, appealable order. On March 19, 2014, appellant filed a brief in support of a final, appealable order.

{¶5} This court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution: "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." R.C. 2505.02 establishes the types of judgments or orders that this court has jurisdiction to hear and decide. If a lower court's order does not comport with one of these categories, an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

2

{¶6} In addition, for a judgment to be final and appealable, it must also satisfy the requirements of Civ.R. 54(B) where applicable. *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶3. Civ.R. 54(B) provides the following:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶7} With few exceptions, where there are multiple claims and/or parties involved, an entry entering judgment as to one or more but fewer than all of the claims or parties is not a final, appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" *Meffe v. Griffin,* 11th Dist. Trumbull No. 2012-T-0032, 2012-Ohio-3642, ¶11. *See also Elia v. Fisherman's Cove*, 11th Dist. Trumbull No. 2010-T-0036, 2010-Ohio-2522, ¶6.

{¶8} Here, the trial court granted appellee's partial motion for summary judgment as to some of the defendants with regard to only one of the claims in appellee's complaint, to wit: the declaratory judgment request. In granting judgment in favor of appellee on this claim, it is clear other issues remain pending that are directly related to this request, such as potential damages. Without the inclusion of Civ.R. 54(B) language, no final, appealable order exists at this time.

{¶9}     Based upon the foregoing analysis, this appeal is hereby dismissed due to lack of a final, appealable order.

DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,
concur.